NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2060

UNITED STATES OF AMERICA

v.

LEROY TURNER, JR.,
Appellant

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 99-cr-00014-4)
District Judge: Honorable Joseph J. Farnan, Jr.

Submitted Under Third Circuit LAR 34.1(a)
March 18, 2005

Before:  RENDELL, ALDISERT, and MAGILL*, Circuit Judges.

(Filed : April 29, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

    Defendant Leroy Turner pled guilty to conspiracy to distribute cocaine, and, on

---

    *Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by designation.

July 7, 1999, was sentenced by the District Court to 188 months' imprisonment. The sentence was the maximum of the applicable 151-188 month range based on a total offense level of 29 (Turner's plea stipulated to a base offense level of 34; he received a three-level reduction for acceptance of responsibility and a two-level reduction for minor participation) and Criminal History Category VI.

On appeal, Turner argues that Amendment 640 to the United States Sentencing Guidelines, which took effect on November 1, 2002 and capped the base offense level of minor participant drug offenders at 30, should apply to him. Turner urges that Amendment 640 is a clarifying, as opposed to substantive, amendment, and thus should apply retroactively; therefore, he requests that his sentence be vacated and the case remanded for new sentencing that reflects the change effected by Amendment 640.

Turner also challenges his sentence under *United States v. Booker*, __ U.S. __, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). Having concluded that the sentencing issues Appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.[1] Before doing so, however, we will address the guideline issue raised by Turner so as to provide guidance to the District Court on remand as to its proper application.

We have jurisdiction under 28 U.S.C. § 1291 and review the District Court's interpretation of the Sentencing Guidelines *de novo*. *United States v. Butch*, 256 F.3d

---

[1] Turner has not challenged his conviction.

171, 177 (3d Cir. 2001).[2]

It is an established principle that a post-sentencing amendment to a sentencing guideline or its comments should be given effect if it "clarifies" the guideline or comment in place at the time of sentencing. Where, however, the amendment effects a substantive change in the law, the defendant does not reap the benefit of the new provision. *See* U.S. Sentencing Guidelines Manual § 1B1.11(b)(2) (1998); *United States v. Marmolejos*, 140 F.3d 488, 4991 (3d Cir. 1998) (citing *Isabel v. United States*, 980 F.2d 60, 62 (1st Cir. 1992) (holding that this is the rule in "virtually all circuits"). The government contends that Amendment 640 is substantive, not clarifying, and that, accordingly, it should not apply retroactively; thus, it argues, Appellant's sentence appropriately reflects the applicable guidelines. The government notes that Amendment 640 is not listed in U.S.S.G. § 1B1.10(c) (Nov. 2002) among the more than twenty amendments deemed to have retroactive effect, but also concedes that its absence from the list is not dispositive – a sentencing court may still reduce a defendant's term of imprisonment to give effect to later changes if it first considers the relevant sentencing factors, 18 U.S.C. § 3553(a), and additionally concludes that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18

---

[2] Although, following the Supreme Court's recent decision in *United States v. Booker*, __ U.S. __, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005), application of the guidelines is not mandatory, district courts must still consult the guidelines in making sentencing determinations. Therefore, it remains necessary for this Court to resolve Turner's claim regarding the correct interpretation of the guidelines.

U.S.C. § 3582(c)(2). *See also Marmolejos*, 140 F.3d at 491 ("Yet the law is clear that 'courts can give retroactive effect to a clarifying (as opposed to substantive) amendment regardless of whether it is listed in U.S.S.G. § 1B1.10'" (quoting *United States v. Capers*, 61 F.3d 1100, 1109 (4th Cir. 1995))).[3]

In *Marmolejos* we held an amendment stating that sentences would be calculated with reference to the amount of drugs actually delivered – rather than by reference to the weight of the drug sale he had negotiated – to be clarifying and to lend resolve to an ambiguity. Here, however, Amendment 640 is not consistent with the guideline commentary in effect at the time of Turner's sentencing. *See United States v. Bertoli*, 40 F.3d 1384, 1405 (3d Cir. 1994) (explaining that courts must look to see "whether, as a matter of construction, the guideline and commentary in effect at that time is really consistent with the amended manual"). Before Amendment 640, the base offense level for an offender like Turner was that "specified in the Drug Quantity Table" whereas after adoption of Amendment 640, the base offense level was that "specified in the Drug Quantity Table ... except that if the defendant receives an adjustment [for mitigating role], the base offense level under this subsection should not be more than 30." Though

---

[3] *But see* U.S.S.G. § 1B1.10(a) ("If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized."); Application Notes to U.S.S.G. § 1B1.10 ("Eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (c) that lowers the applicable guideline range.").

this amendment clearly responds to concerns over the harshness of drug sentencing for those who play minimal roles, it does not "fill a void" or "resolve an ambiguity"; rather, it adds a substantive component. Therefore, we conclude Amendment 640 of the guidelines is substantive and not to be given retroactive effect.

    In light of the foregoing we will vacate and remand for resentencing in accordance with *Booker* and this opinion.